# SUPERIOR COURT

Marjorie  Wilcox  Grant
vs.                              Eq. No. 5709
Laura L. Wilcox

## RESCRIPT

February 16, 1925

BAKER, J. Heard on plea of res adjudicata and demurrer to the amended bill of complaint.

The plea of res adjudicata is directed to certain paragraphs of the bill and the demurrer to the remainder of the bill not covered by the plea.

The ground of the plea in substance is that a final decree has been entered following a decision by the Supreme Court in an action between

the same parties and relating to the same matter, dismissing that bill in so far as actual fraud was concerned but without prejudice to the question of constructive fraud.

Grant vs. Wilcox, 44 R. I. 94.

The complainant now alleges that she has re-framed her bill so as to raise merely the question of constructive fraud and eliminate the matter of actual fraud. Respondent, however, argues that the bill as now drawn still charges actual fraud.

The present amended bill, while differing in arrangement and in some of the less material allegations, still alleges the same fundamental state of facts as is set out in the bill in the case of Grant vs. Wilcox, supra. It is, of course, not necessary that the word "fraud" or the term "fraudulent" be used in order to charge actual fraud. In the opinion of the court, an examination and reading of the respective bills still shows that the basic allegation upon which the bill rests is actual fraud. The court believes that if the present amended bill was supported by testimony, that testimony would reveal actual and not constructive fraud. The parties have been heard on the question of actual fraud and that issue has been determined between them.

Grant vs. Wilcox, supra.

The court is of the opinion that the present amended bill still alleges in substance actual fraud, and that, therefore, the respondent's plea of res adjudicata to the portions of the amended bill reached by the plea is good and should be sustained.

The demurrer is to the remaining portion of the bill.

The question here raised is chiefly as to the effect of the relation of step-mother and step-daughter between the parties. An examination of the authorities leads the court to believe that this in itself, without anything further, is not sufficient upon which to base the relief sought for in this bill.

Earle vs. Chace, 12 R. I. 374;
Jenkins vs Pye, 12 Pet. 241.

Numerous English cases have been cited by the complainant in which, possibly, the rule is somewhat different, but in the judgment of the court they do not apply to the case at bar.

The plea of res adjudicata and the demurrer are sustained.

For Complainant: George H. Raymond.

For Respondent: James Harris and John C. Knowles.